RECEIVED
IN ALEXANDRIA, LA.
APR 17 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN FUSILIER | DOCKET NO. 08-CV-1577; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| DR. ALFONSO PACHECO, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT & RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of John Fusilier, filed on October 17, 2008. His Motion to Proceed in Forma Pauperis was granted on November 17, 2008. [Doc. #3] At the time of filing suit, Plaintiff was incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff names as defendants Dr. Pacheco, Warden Tim Wilkinson, Pat Thomas, Winn Correctional Center, and Corrections Corporation of America ("CCA"). Plaintiff claims that the defendants are liable for denying him proper medical care through the use of a continuous positive airway pressure (CPAP) machine.

### FACTUAL ALLEGATIONS

Plaintiff arrived at WCC on February 25, 2007, from Forcht Wade Correctional Center. He alleges that he suffers from obstructive sleep apnea and requires the use of a continuous positive airway pressure machine (CPAP) to treat his sleep disorder. He alleges that, prior to incarceration, he used a CPAP machine at home as prescribed by his doctor in 2004. [Doc. #1, p.20]

Plaintiff alleges that, on May 6, 2008, Dr. Pacheco supplied a CPAP breathing machine to another inmate, Peter Roy Alfred, who also suffers from sleep apnea. Once Plaintiff learned that Alfred was provided a CPAP machine, Plaintiff submitted his medical records on May 21, 2008 and July 7, 2008, documenting his condition. Plaintiff complains that Pat Thomas has a "special cell layed [sic] out for inmate Peter Alfred" with the CPAP machine, and he contends that he is entitled to the same setup.

Plaintiff seeks monetary damages in the amount of five million dollars and injunctive relief in the form of an order directing Defendants to provide him with a CPAP machine.

**LAW AND ANALYSIS**

1. PLRA

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds in forma pauperis. 28 U.S.C. § 1915(e)(2)(B)(mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

A complaint is frivolous if it lacks an arguable basis in law or fact. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995).

2. Injunctive Relief

Plaintiff seeks a Court order directing the defendants to provide him with a CPAP machine. According to a change of address notification filed by Plaintiff, he is now residing in Lacassine, Louisiana, and is no longer incarcerated at Winn Correctional. Therefore, his suit for injunctive relief against the defendants at WCC is now moot. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir.1991). The possibility that Plaintiff may someday be

incarcerated at WCC again is far too speculative to warrant relief. See Bailey v. Southerland, 821 F.2d 277, 279 (5th Cir. 1987). Therefore, Plaintiff's claim for injunctive relief should be dismissed.

3. Monetary Relief

Plaintiff seeks an award of five million dollars for being denied adequate medical care. He argues that Defendants should have followed the orders of the doctor who prescribed the CPAP machine. In a First Step Response Form to Plaintiff, it is noted that, during intake (February 2007), Plaintiff did not mention that he suffered from sleep apnea or was ever diagnosed with sleep apnea. Plaintiff never spoke or complained of sleep apnea or his need of a CPAP machine until fifteen months later (May 13, 2008), after he learned that another inmate had been issued a CPAP machine. The response form also states that Plaintiff did not exhibit any symptoms indicating a need for a CPAP machine, and that Plaintiff is receiving all medications that he was taking at the time of his arrival at WCC.

Plaintiff's allegations are insufficient to state a constitutional violation because, at most, they amount to negligence, Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991), or a difference of opinion as to treatment, which do not give rise to a constitutional violation, Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999); Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997)("Disagreement with medical treatment does not state a claim

for Eighth Amendment indifference to medical needs.").

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claims against the defendant be denied and dismissed with prejudice as frivolous under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED, in Chambers at Alexandria, Louisiana, this 17 day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE